CENTER FOR DISABILITY ACCESS
Chris Carson, Esq., SBN 280048
Phyl Grace, Esq., SBN 171771
Dennis Price, Esq., SBN 279082
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Jerry Kraus**, <br><br> Plaintiff, <br><br> v. <br><br> **City of Vallejo;** and Does 1-10, <br><br> Defendants. | Case No. <br><br> **Complaint for Injunctive Relief and Damages for Violations of:** <br><br> 1. Title II of the Americans with Disabilities Act, 42 U.S.C. §12132 *et seq.*; <br> 2. California's Unruh Civil Rights Act, Cal. Civ. Code § 51 *et seq.*; and <br> 3. California's Disabled Persons Act, Cal. Civ. Code § 54.1 *et seq.* |

## INTRODUCTION

1.     Plaintiff Jerry Kraus ("Plaintiff"), an individual with physical disabilities who uses a wheelchair for mobility, brings the instant action alleging that Defendants City of Vallejo ("City") and Does 1-10 (collectively, "Defendants") have discriminated against him on the basis of his disability in violation of federal and state anti-discrimination statutes.

1

2.      Specifically, Plaintiff alleges that the Defendants have failed and/or refused to properly construct, alter, maintain and/or operate their public parking facilities in downtown Vallejo, such that those facilities are inaccessible to and usable by him as a wheelchair user.

3.      Through this lawsuit, Plaintiff seeks an injunction requiring Defendants to make their parking facilities accessible to him as a wheelchair user and provide him full and equal access to the programs, services, and activities offered in downtown Vallejo as required by law.  Plaintiff also seeks damages and reasonable attorneys' fees, costs and litigation expenses for enforcing Plaintiff's civil rights.

## JURISDICTION & VENUE

4.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act ("ADA").

5.      Pursuant to pendent jurisdiction, attendant and related causes of action arising from the same facts are also brought under the Unruh Civil Rights Act, Cal. Civ. Code § 51 et seq. and the Disabled Persons Act, Cal. Civ. Code § 54 *et seq*., both of which expressly incorporate the ADA. Cal. Civ. Code §§ 51(f), 54(c) and 54.1(d).

6.      Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real properties which are the subject of this action are located in this district and that Plaintiff's cause of action arose in this district.

## PARTIES

7.      Plaintiff Jerry Kraus is an individual and a resident of California.

Complaint

8.      Defendant City of Vallejo is, and at all times relevant herein was, a municipal corporation and political subdivision of the State of California.

9.      Plaintiff is currently unaware of the true identities of DOES 1-10, inclusive, and will seek leave to amend when their true names, capacities, connections, and responsibilities are ascertained.

10.     Plaintiff is informed and believes that each of the Defendants is the agent, ostensible agent, alter ego, master, servant, trustor, trustee, employer, employee, representative, franchiser, franchisee, lessor, lessee, joint venturer, parent, subsidiary, affiliate, related entity, partner, and/or associate, or such similar capacity, of each of the other Defendants, and was at all times acting and performing, or failing to act or perform, within the course and scope of such similar aforementioned capacities, and with the authorization, consent, permission or ratification of each of the other Defendants, and is personally responsible in some manner for the acts and omissions of the other Defendants in proximately causing the violations and damages complained of herein, and have participated, directed, and have ostensibly and/or directly approved or ratified each of the acts or omissions of each of the other Defendants, as herein described.

## FACTUAL ALLEGATIONS

11.     Plaintiff has physical impairments that significantly limit his mobility.

12.     Plaintiff cannot walk independently due to a back injury.

13.     Plaintiff utilizes a wheelchair for mobility.

14.     Due to his disability and use of a wheelchair, Plaintiff uses a modified van with a deployable ramp for transportation.

15.     In order for Plaintiff to have equal access to and use of public parking spaces, those spaces need to be configured in compliance with federal

and state accessibility standards.

16.    At all times relevant herein, Defendant City of Vallejo owned, controlled, maintained, and exercised dominion over the parking facilities in and serving downtown Vallejo, including the following lots, hereinafter referred to as the "Downtown Parking Lots":

      a. Lot "D" located at Santa Clara Street & Capitol Street in the City of Vallejo, California;

      b. Lot "H" located at Sacramento Street & York Street in the City of Vallejo, California;

      c. Lot "I" located at 435 York Street in the City of Vallejo, California;

      d. Lot "J" located at Sacramento Street & Virginia Street in the City of Vallejo, California;

      e. Lot "K" located at Marin Street & York Street in the City of Vallejo, California;

      f. Lot "L" located at Sonoma Street & York Street in the City of Vallejo, California; and

      g. Lot "M" located at Curtola Parkway & Marin Street in the City of Vallejo, California.

17.    Plaintiff visits downtown Vallejo on a regular and continuing basis to visit the businesses located there and participate in community events.

18.    Nearly every Saturday, Plaintiff visits the farmers' market located at 400 Georgia Street to shop.

19.    Plaintiff's insurance agent and favorite pizza restaurant are also located downtown, and he also visits those locations frequently.

20.    Plaintiff also visits the waterfront and City Hall on occasion.

21.    On Saturdays from February 10, 2018 to present Plaintiff has visited downtown Vallejo to visit the farmers' market and conduct other

Complaint

business. On these occasions Plaintiff parked / attempted to park in lots K and L, due to their convenience and proximity to the farmers' market and the other businesses he sought to visit. On these occasions, Plaintiff personally encountered the following accessibility barriers to the following Downtown Parking Lots.

22.   Lot K:

    a.   Only two of the 57 spaces provided are designated accessible. This lot should have a total of three designated accessible spaces, with one designated for accessible van parking.

    b.   There is no designated van accessible space provided.

    c.   Both of the designated accessible spaces present slopes exceeding 2.08%.

    d.   The access aisle shared by the designated accessible spaces is less than the required 60 inches in width and is not striped.

    e.   Signage for both designated accessible spaces does not comply with state law requirements in that minimum fine and towing language is not included.

    f.   Neither of the designated accessible spaces have been maintained in an accessible manner. The paint/markings are faded, and the pavement is cracked.

23.   Lot L:

    a.   Only two of the 108 spaces provided are designated as accessible. This lot should have a total of five designated accessible spaces, with one designated for accessible van parking.

    b.   There is no designated van accessible space provided.

c. Both designated accessible spaces present slopes exceeding 2.08%. One of the spaces also presents cross-slopes exceeding 2.08%.

d. One of the designated accessible parking spaces is impermissibly narrow, measuring only 100 inches in width.

e. The access aisle shared by the designated accessible spaces is less than the required 60 inches in width and is not striped.

f. Signage for both designated accessible spaces does not comply with state law requirements in that minimum fine and towing language is not included.

g. Neither of the designated accessible spaces have been maintained in an accessible manner. The paint/markings are faded, and the pavement is cracked.

24. Since February 10, 2018, Plaintiff has visited the waterfront on a number of occasions. On those occasions Plaintiff parked / attempted to park in the M lot, which is conveniently located near the waterfront, and personally encountered the following barriers:

a. Only two of the 116 spaces provided are designated accessible. This lot should have a total of five designated accessible spaces, with one designated for accessible van parking.

b. There is no designated van accessible space provided.

c. One of the designated accessible parking spaces is impermissible narrow, measuring only 104 inches in width. This space has an access aisle on both sides. The access aisle on the left has a large crack running through

6

   it, presenting a dangerous condition for people using wheelchairs. The access aisle on the right (a shared access aisle with the other designated accessible space) does not adjoin an accessible route.

  d. There is no signage for one of the designated accessible spaces, and the second designated accessible space displays signage that does not comply with state law requirements in that minimum fine and towing language is not included.

  e. Neither of the designated accessible spaces have been maintained in an accessible manner. The paint/markings are faded, and the pavement is cracked.

25. As a result of the above-mentioned barriers, Plaintiff experiences difficulty utilizing the public parking in lot K, L and M.

26. Often, no accessible parking spaces are available to Plaintiff, due to the City's failure to designate the required number of spaces.

27. Plaintiff has also encountered cars without disability placards or licenses occupying designated accessible spaces, suggesting the City has an inadequate policy for enforcing parking restrictions in its lots and/or resulting from the City's failure to properly mark, sign, and maintain the spaces.

28. Because none of the three lots provides van accessible parking, and the designated accessible spaces provided are not configured correctly, Plaintiff experiences difficulty, discomfort and embarrassment deploying his ramp and entering/exiting his modified van.

29. The slopes and maintenance issues with the designated accessible spaces make the spaces difficult for Plaintiff to use without experiencing difficulty, anxiety and fear of injury.

Complaint

30.     Plaintiff also experiences discomfort, difficulty and fear as the result of the designated accessible parking not being connected to an accessible route to the public right of way. Plaintiff is forced to ride in the vehicular way and/or behind other individuals' cars to reach the public sidewalk and get to his destination.

31.     Although not personally encountered by Plaintiff, structural barriers exist in the other Downtown Parking Lots, as follows:

32.     Lot D:

     a. Only two of the 98 parking spaces provided are designated accessible. This lot should have a total of four designated accessible spaces, with one designated for van accessible parking.

     b. There is no designated van accessible space provided.

     c. In both the designated accessible spaces, there are slopes and/or cross-slopes exceed 2.08%, violating applicable accessibility standards.  In one of the spaces, the cross-slope of the stall is 2.8%.  In the other space, the stall presents an 8.9% slope and the access aisle presents a 5.6% slope.

     d. One of the designated accessible spaces is impermissibly narrow, measuring only 100 inches in width.

     e. The access aisles of both designated accessible spaces fail to connect to an accessible route.

     f. Signage for both of the designated accessible spaces does not comply with state law requirements in that minimum fine and towing language is not included.  One sign is obstructed by tree limbs and difficult for drivers to see.

Complaint

g. Neither of the designated accessible spaces have been maintained in an accessible manner. The paint/markings are faded, and the pavement is cracked.

33. Lot H: None of the 82 parking spaces provided have been configured or designated as accessible parking for persons with disabilities.

34. Lot J:

a. All four of the designated accessible spaces provided in this lot present slopes exceeding 2.08%. The designated van accessible space and one of the standard accessible spaces also present cross-slopes exceeding 2.08%.

b. The van accessible space and one of the standard accessible spaces are impermissibly narrow, measuring less than 108 inches in width.

c. One of the standard accessible stalls has an access aisle that is impermissibly narrow, measuring less than 60 inches in width.

d. Two of the standard accessible parking spaces lack access aisles and consequently, are not connected to an accessible route.

e. One of the standard accessible spaces that does have an access aisle fails to connect to an accessible route. There is a curb precluding a wheelchair user from getting from the access aisle to the public right of way.

f. Signage for the three standard accessible spaces does not comply with state law requirements in that minimum fine language is not included.

9

Complaint

g. Signage for all four designated accessible spaces does not comply with state law requirements in that towing language is not included.

h. None of the spaces have been maintained in an accessible manner. The paint/markings are faded, and the pavement is cracked.

35.  On information and belief, there are additional access barriers, as well as discriminatory policies that adversely impact Plaintiff's access to and use of the Downtown Parking Lots. Plaintiff will seek to amend his Complaint once these additional barriers are identified through a noticed site inspection.

36.  On information and belief, the Downtown Parking Lots have undergone construction and/or alteration since January 1, 1982, triggering applicability of California accessibility standards, California Code of Regulations, Title 24.  Plaintiff is informed and believes, and on that basis alleges that Defendants have failed to comply with these standards.

37.  On information and belief, the Downtown Parking Lots have undergone construction and/or alterations since January 26, 1992 triggering applicability of the ADA Standards for Accessible Design, 36 C.F.R. pt. 1191, appxs. B and D; 28 C.F.R. pt. 36, subpart D.  Plaintiff is informed and believes, and on that basis alleges that Defendants have failed to comply with these standards.

38.  Plaintiff plans to visit downtown Vallejo in the future to shop. Until the aforementioned barriers to the Downtown Parking Lots are removed and Defendants' unlawful and discriminatory policies and practices regarding the construction, alteration, and/or maintenance of their public parking facilities are modified, Plaintiff will continue to be denied full and equal access to Defendants' parking programs, services, and activities, and will suffer ongoing discrimination and damages as a result.

10

39.     On or about August 7, 2018, Plaintiff submitted a written request to the City of Vallejo, asking that it remedy the accessibility barriers to the Downtown Parking Lots described herein.  The City ignored the request.

40.     The nature of Defendants' discrimination constitutes an ongoing violation, and has resulted in multiple offenses, and unless enjoined by this Court, will result in ongoing and irreparable injury to Plaintiff.

41.     Plaintiff has no adequate remedy at law because monetary damages, which may compensate for past unlawful conduct, will not afford adequate relief for the harm caused by the continuation of the wrongful conduct of Defendants and the denial of his civil rights as herein alleged. Accordingly, Plaintiff is entitled to injunctive relief.

## GOVERNMENT CLAIM FILED

### *(With regard to claims for damages under California State Law)*

42.     Plaintiff timely filed a claim pursuant to § 910 et seq. of the California Government Code with the City of Vallejo on or about August 7, 2018.

43.     Plaintiff's claim was rejected by the City as a matter of law.

## FIRST CAUSE OF ACTION

### Title II of the Americans with Disabilities Act

### 42 U.S.C. §12132 *et seq*.

44.     Plaintiff re-pleads and incorporates by reference the allegations contained in each of the foregoing paragraphs.

45.     Title II of the ADA provides in pertinent part: "[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or

Complaint

activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

46.    Plaintiff is, and at all times relevant herein was, a person with a "disability" within the meaning of the ADA. 42 U.S.C. § 12102.

47.    Defendants are public entities as defined by the laws of the State of California and have fifty (50) or more employees.

48.    Defendants are, and at all times relevant herein were, public entities within the meaning of Title II of the ADA. 42 U.S.C. § 12131(1).

49.    The public parking provided by Defendants through the Downtown Parking Lots is a program, service, and/or activity Defendants offer to members of the public.

50.    Plaintiff is, and at all times relevant herein was, a "qualified individual with a disability" within the meaning of Title II of the ADA. 42 U.S.C. § 12131(2).

51.    As a member of the public, Plaintiff meets the essential eligibility requirements for the use of the Downtown Parking Lots.

52.    Defendants' acts and omissions as herein alleged have excluded and/or denied Plaintiff the benefit and use of the Downtown Parking Lots, in violation of Title II and its implementing regulations. The Defendants' discriminatory conduct includes, *inter alia*:

      a. Failing to operate the Downtown Parking Lots so that they are "readily accessible to and usable by individuals with disabilities" (28 C.F.R. § 35.150(a));

      b. Failing to design, construct, and/or alter the Downtown Parking Lots in a manner such that they are readily accessible to and usable by individuals with disabilities, when the construction/alteration was commenced after January 26, 1992 (28 C.F.R. § 35.151);

Complaint

c. Denying Plaintiff the opportunity to participate in or benefit from the aids, benefits, or services offered by Defendants to members of the public by and through the Downtown Parking Lots, on the basis of his disabilities (28 C.F.R. § 35.130(b)(1)(i));

d. Affording Plaintiff an opportunity to participate in or benefit from the aids, benefits, or services offered by Defendants to members of the public buy and through the Downtown Parking Lots that is not equal to that afforded his non-disabled peers (28 C.F.R. § 35.130(b)(1)(ii));

e. Otherwise limiting Plaintiff in the enjoyment of any right, privilege, advantage, or opportunity enjoyed by others receiving the aids, benefits, or services offered by Defendants to members of the public by and through the Downtown Parking Lots (28 C.F.R. § 35.130(b)(1)(vii));

f. Utilizing methods of administration that have the effect of subjecting Plaintiff to discrimination on the basis of his disability (28 C.F.R. § 35.130(b)(3)(i)); and

g. Failing to make reasonable modifications in policies, practices, or procedures where necessary to avoid discrimination against Plaintiff on the basis of his disability (28 C.F.R. § 35.130(b)(7)).

53.   Under Title II of the ADA Defendants were required to conduct a self-evaluation of its services, policies, and practices, and the effects thereof, by no later than January 26, 1993. 28 C.F.R. § 35.105(a). On information and belief, as of the date of the filing of this Complaint, Defendants have failed to conduct a self-evaluation of the Downtown Parking Lots.

54.   Under Title II of the ADA Defendants were required to develop

13

a transition plan setting forth the steps necessary to complete the structural changes necessary to achieve program accessibility of the Downtown Parking Lots within six months of January 26, 1992. 28 C.F.R. § 35.150(d)(1). On information and belief, as of the date of the filing of this Complaint, Defendants have failed to develop a transition plan setting forth the steps necessary to complete the structural changes necessary to achieve program accessibility of the Downtown Parking Lots.

55.    Under Title II of the ADA Defendants were required to remove physical barriers that limit or deny people with disabilities access to its programs, services and activities by no later than January 26, 1995. 28 C.F.R. § 35.150(c). On information and belief, Defendants have failed, since the ADA was enacted and every year thereafter, to take appropriate measures to remove barriers to the Downtown Parking Lots.

56.    Defendants' duties under Title II of the ADA pertaining to the accessibility of the Downtown Parking Lots are mandatory and long-established. Defendants had knowledge of their duties at all times relevant herein; their failure to carry out said duties as alleged herein was a willful and knowing decision and choice, and/or the product of deliberate indifference.

57.    Defendants were provided actual notice of the barriers to the Downtown Parking Lots; the impact those barriers have on Plaintiff; and their duty to remove such barriers under Title II of the ADA. Despite this knowledge, Defendants failed and refused to take any steps to remove the barriers or otherwise address Plaintiff's concerns. Defendants' failures in this regard constitute deliberate indifference.

58.    Pursuant to 42 U.S.C. §§ 12133 and 12205, Plaintiff prays for judgment as set forth below.

14

Complaint

1

2

3

**SECOND CAUSE OF ACTION**

**UNRUH CIVIL RIGHTS ACT**

**California Civil Code § 51 *et seq.***

4      59.     Plaintiff re-pleads and incorporates by reference the allegations

5    contained in each of the foregoing paragraphs.

6      60.     The Unruh Civil Rights Act ("Unruh Act") guarantees, *inter alia*,

7    that persons with disabilities are entitled to full and equal accommodations,

8    advantages, facilities, privileges, or services in all business establishment of

9    every kind whatsoever within the jurisdiction of the State of California.  Cal.

10   Civ. Code §51(b).

11     61.     The Unruh Act also provides that a violation of the ADA, or of

12   California state accessibility regulations, is a violation of the Unruh Act.  Cal.

13   Civ. Code, § 51(f); *Arnold v. United Artists Theatre Circuit, Inc*., 866 F.Supp.

14   433, 439 (N.D.Cal.1994).

15     62.     Plaintiff is an individual with a physical disability within the

16   meaning of California Government Code section 12926(m).

17     63.     The Downtown Parking Lots are operated as business

18   establishments. As such, Defendants, the owners and operators of the lots are

19   obligated to comply with the provisions of the Unruh Act.

20     64.     Defendants' acts and omissions, as herein alleged, have violated

21   the Unruh Act by, *inter alia,* denying, or aiding, or inciting the denial of,

22   Plaintiff's rights to full and equal use of the accommodations, advantages,

23   facilities, privileges, or services offered at the Downtown Parking Lots.

24     65.     Defendants' acts and omissions, as herein alleged, have also

25   violated the Unruh Act by denying, or aiding or inciting the denial of,

26   Plaintiff's right to equal access arising from the provisions of the ADA (see

27   Plaintiff's First Cause of Action).

28

66.     Defendants' duties under the Unruh Act are mandatory and long established. Defendants are deemed to have had knowledge of their duties at all times relevant herein; their failure to carry out said duties as alleged herein was willful and knowing and/or the product of deliberate indifference.

67.     Defendants were provided actual notice of the barriers to the Downtown Parking Lots; the impact those barriers have on Plaintiff; and their duty to remove such barriers under the Unruh Act. Despite this knowledge, Defendants failed and refused to take any steps to remove the barriers or otherwise address Plaintiff's concerns. Defendants' failures in this regard constitute deliberate indifference.

68.     Pursuant to the remedies, procedures, and rights set forth in Cal. Civ. Code §52, Plaintiff prays for judgment as set forth below.

## THIRD CAUSE OF ACTION
### California Disabled Persons Act
### California Civil Code § 54 *et seq.*
### (Statutory Damages and Attorneys' Fees Only)

69.     Plaintiff re-pleads and incorporates by reference the allegations contained in each of the foregoing paragraphs.

70.     The Disabled Persons Act ("CDPA") provides that "[i]ndividuals with disabilities or medical conditions have the same right as the general public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, … public facilities, and other public places." Cal. Civ. Code §54 (a).

71.     The CDPA also provides that "[i]ndividuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, ... and privileges of all ... places of

16

Complaint

public accommodation, ... and other places to which the general public is invited'." Cal. Civ. Code §54.1(a)(1).

72.    A violation of the ADA is also a violation of the CDPA.  Cal. Civ. Code, § 54(c) and 54.1(d).

73.    Any person or persons, firm or corporation who denies or interferes with an individual's rights under Section 54 or 54.1 is liable for each offense.  Cal. Civ. Code §54.3(a).

74.    The Downtown Parking Lots are public places, public facilities, places of public accommodation and/or other places to which the general public is invited as contemplated by the CDPA.

75.    As the owners and or operators of the Downtown Parking Lots, Defendants are obligated to comply with the provisions of the CDPA.

76.    Defendants are persons and/or corporations subject to California Civil Code section 54.3.

77.    Defendants' acts and omissions, as herein alleged, have violated the CDPA by denying, or aiding or inciting the denial of, Plaintiff's rights to full and equal access to the accommodations, advantages, facilities, and privileges of the Downtown Parking Lots.

78.    Defendants' acts and omissions, as herein alleged, have also violated the CDPA by denying, or aiding or inciting the denial of, Plaintiff's rights to equal access arising from the provisions of the ADA (see Plaintiff's First Cause of Action).

79.    Defendants' duties under the CDPA are mandatory and long established. Defendants are deemed to have had knowledge of their duties at all times relevant herein; their failure to carry out said duties as alleged herein was willful and knowing and/or the product of deliberate indifference.

80.    Defendants were provided actual notice of the barriers to the Downtown Parking Lots; the impact those barriers have on Plaintiff; and their

Complaint

duty to remove such barriers under the CDPA. Despite this knowledge, Defendants failed and refused to take any steps to remove the barriers or otherwise address Plaintiff's concerns. Defendants' failures in this regard constitute deliberate indifference.

81.    Pursuant to the remedies, procedures, and rights set forth in Cal. Civ. Code § 54.3(a), Plaintiff prays for statutory damages and attorneys' fees under Cal. Civ. Code § 54.3(a). *Note: Plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the CDPA.*

## PRAYER

WHEREFORE, Plaintiff respectfully requests that this Court:

a.  Issue an injunction pursuant to the ADA and Unruh Act enjoining Defendants to modify the Downtown Parking Lots to comply with federal and state accessibility standards;

b.  Award Plaintiff general, compensatory, and statutory damages in an amount within the jurisdiction of this court;

c.  Award Plaintiff attorneys' fees, litigation expenses, and costs of suit, as provided by law; and

d.  Award such other and further relief as the Court may deem just and proper.

Dated: November 12, 2018          Center for Disability Access

By:_____
            Chris Carson
            Attorneys for Plaintiff

18

Complaint